# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## CLARKSBURG DIVISION

MICHAEL PAUL PUZEY,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 1:10-cv-00060

CRAIG BROADWATER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Puzey, an inmate at the United States Penitentiary I in Coleman, Florida, filed the instant complaint [Docket 1] against the Honorable Craig Broadwater and Motion for Leave to Proceed in Forma Pauperis [Docket 5]. For the reasons discussed below, the court **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The court **DENIES** the plaintiff's Motion for Leave to Proceed in Forma Pauperis [Docket 5].

## I.    Background

On December 5, 2000, the plaintiff was indicted on multiple drug-related counts by a grand jury in the Northern District of West Virginia. The plaintiff was subsequently convicted on multiple charges, including distribution of crack cocaine, conspiracy to distribute crack cocaine, and possession of firearms during and in relation to drug trafficking crimes. Judge Broadwater presided over the plaintiff's criminal trial and, after Judge Broadwater's death in 2006, Chief Judge John Preston Bailey presided over the remainder of the plaintiff's case. Since the jury verdict in his case, the plaintiff has extensively sought relief on various grounds from the Northern District of West

Virginia, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court.

On December 29, 2008, the plaintiff filed a Motion for Relief from Judgment in his criminal case, arguing, among other things, that the conspiracy charges against him were time-barred because the underlying drug conspiracy allegedly began in 1990, more than five years before the plaintiff was indicted. The plaintiff asserted that Judge Broadwater's failure to *sua sponte* dismiss the conspiracy charges entitled him to relief. Magistrate Judge Seibert found that the plaintiff's assertions were without merit because the conspiracy existed until the time of the plaintiff's indictment and the plaintiff was convicted of committing multiple overt acts in furtherance of the conspiracy during the limitations period. Judge Bailey adopted Judge Seibert's findings on this and the plaintiff's other claims and denied the plaintiff's Motion.

The plaintiff then filed the instant action against the deceased Judge Broadwater under the Federal Tort Claims Act ("FTCA"), alleging that Judge Broadwater violated the plaintiff's rights and wrongfully imprisoned the plaintiff because Judge Broadwater failed to *sua sponte* dismiss the plaintiff's criminal case for lack of subject matter jurisdiction. The plaintiff's claims in his FTCA action are identical to those that he raised in his earlier Motion for Relief from Judgment.

**II.     Standard**

In considering an application to proceed in forma pauperis under 28 U.S.C. §1915, a court must review and dismiss any complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," pursuant to 28 U.S.C. § 1915A. Congress conferred "broad discretion on the district courts to police in forma pauperis filings." *Nagy v. FMC Butner*, 376 F.3d 252, 255 (4th Cir. 2004). Under

28 U.S.C. § 1915A, a "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," and a claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. With these standards in mind, the court will assess the plaintiff's allegations in view of applicable law.

**III. Discussion**

The plaintiff's FTCA claim is based on an indisputably meritless legal theory because federal judges are immune from "liability for damages for acts committed within their judicial jurisdiction." *Imbler v. Patchman*, 424 U.S. 409, 419 (1976). The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1976). The United States, however, is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived sovereign immunity. 28 U.S.C. §§ 1346(b), 2674. Further, the United States is entitled "to assert any defense based on *judicial* or legislative immunity which otherwise would have been available to the employee of the United States." 28 U.S.C. § 2674 (emphasis added). Here, Judge Broadwater was clearly acting within his "judicial jurisdiction" while presiding over the plaintiff's case and would be entitled to absolute judicial immunity.[1] Because Judge Broadwater would be entitled to this absolute immunity, the United States, even if properly named as the defendant in the plaintiff's complaint, would be immune from suit as well. Accordingly, the court

---

[1]The court additionally notes that that Judge Broadwater is not a proper defendant because the United States is the only proper defendant in a FTCA action. *See Iodice v. United States*, 289 F.3d 270, n. 1 (4th Cir. 2002).

**FINDS** that the plaintiff's FTCA claim is frivolous and fails to state a claim upon which any relief could be granted. In addition, the court **FINDS** that the plaintiff's complaint requesting damages from the deceased Judge Broadwater "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Accordingly, the court **DISMISSES** the plaintiff's complaint.

## IV. Conclusion

For the reasons discussed above, the court **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The court **DENIES** the plaintiff's Motion for Leave to Proceed in Forma Pauperis [Docket 5]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 13, 2010

Joseph R. Goodwin, Chief Judge